## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TYLER RENWICK | * | CIVIL ACTION NO. |
| | * | |
| | * | |
|     Plaintiff | * | JUDGE: |
| | * | |
| VERSUS | * | |
| | * | MAGISTRATE: |
| PINNACLE ENTERTAINMENT, INC. | * | |
| | * | |
|     Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, TYLER RENWICK, who, upon information and belief, submits as follows.

### I.

At the time of the injuries described below, TYLER RENWICK was a resident and citizen of the State of Texas.

### II.

The following corporation is made Defendant in this action:

A.      PINNACLE ENTERTAINMENT, INC., a foreign corporation organized and existing under the laws of the State of Delaware, and who had at all material times conducted business in the State of Louisiana, having appointed CT Corporation System 5615 Corporate Blvd., Suite 508, Baton Rouge, LA 70808, as its registered agent for service of process.

### III.

Jurisdiction is based upon diversity of citizenship and jurisdictional amount, 28 U.S.C. § 1332(a).

IV.

The amount of controversy exceeds the sum of $75,000.00, exclusive of interest, costs, and attorneys fees.

V.

Alternatively, jurisdiction exists pursuant to the General Maritime Law as factually related herein because the injury occurred over water as the plaintiff was transferring between a barge vessel and the land by means of a ladder gangway.

VI.

At all material times, Plaintiff, TYLER RENWICK, was an employee of P. B. Technologies, engaged in fire suppression/vent cleaning work operations aboard the L'Auberge Casino vessel and the L'Auberge Casino Hotel in Lake Charles, Louisiana.

VII.

At all material times, PINNACE ENTERTAINMENT, INC. owned, managed, and operated the L'Auberge Casino vessel and adjoining L'Auberge Casino Hotel in Lake Charles, Louisiana.

VIII.

At all material times, Defendant, PINNACLE ENTERTAINMENT, INC. had retained te services of P.B. Technologies to assure that the vent systems of the cooking facilities aboard the L'Auberge Casino Hotel were free of accumulation of materials which could cause a fire hazard for patrons of those facilities.

IX.

On or about 14 July 2015, TYLER RENWICK needed to proceed to the venting system of the L'Auberge Casino Hotel to perform fire suppression services, and the means of access to that location was by transfer from the L'Auberge Casino barge.

X.

There is an approximate ten (10) foot difference in height between the L'Auberge Casino barge roof and the L'Auberge Casino Hotel roof, with an approximate three (3) foot gap between the two facilities.  In order to span that gap and gain access to the L'Auberge Casino Hotel roof, PINNACLE ENTERTAINMENT, INC. employees had attached a ladder/ramp from the L'Auberge Casino barge roof up to the top of the L'Auberge Casino Hotel roof. Defendant, PINNACLE ENTERTAINMENT, INC. employees failed to properly secure or attach the ladder/ramp to permit safe use.

XI.

Suddenly and without warning, as TYLER RENWICK was attempting to climb the dimly lit ladder/ramp to the roof of the L'Auberge Casino Hotel, the ladder/ramp shifted, causing TYLER RENWICK to fall approximately sixty (60) feet to the deck of the L'Auberge Casino barge below.

XII.

The movement of the ladder/ramp could have been anticipated by PINNACLE ENTERTAINMENT, INC. since its employees had either affixed the ladder/ramp in place or had supervised and/or inspected the ladder/ramp after it was affixed in place.

XIII.

PINNACLE ENTERTAINMENT, INC. was aware or should have been aware that the ladder/ramp would be used by employees of P.B. Technologies to access the vent system on the roof of the L'Auberge Casino Hotel, and that as the sole means of access to that roof, a properly secured ladder/ramp was an essential means of safe ingress/egress.

XIV.

Upon information and belief, the attachment means for the ladder/ramp in question was

designed, engineered, installed, and/or approved by PINNACLE ENTERTAINMENT, INC.

XV.

As the owner of a premises, PINNACLE ENTERTAINMENT, INC. is strictly liable for defective conditions of which it knew or should have known in the exercise of reasonable diligence.

XVI.

The accident and serious injuries to TYLER RENWICK were due to the fault, neglect, omission, or commission of Defendant, PINNACLE ENTERTAINMENT, INC., in the following non-exclusive particulars:

a.   Failure to design a reasonably safe means of ingress/egress between the Casino barge vessel roof and the land-based Hotel roof;

b.   Failure to install a reasonably safe means of ingress/egress between the Casino barge vessel roof and the land-based Hotel roof;

c.   Failure to secure a reasonably safe means of ingress/egress between the Casino barge vessel roof and the land-based Hotel roof;

d.   Failure to warn of hazards of which it either knew or should have known;

e.   Failure to provide adequate lighting for the ladder/ramp;

f.   Failure to provide fall protection beneath the exposed ladder/ramp; and

g.   Such further and other acts of neglect, fault, omission, or commission to be proven at the trial of this cause.

Plaintiff reserves the right to alter or amend this paragraph after examination and testing of the ingress/egress means in question.

XVII.

Alternatively, the accident and serious injuries to TYLER RENWICK were due to the

unreasonably dangerous and defective condition of the ladder/ramp in question.

### XVIII.

Alternatively, the accident and serious injuries to TYLER RENWICK were due to the breach of the duty of a vessel owner to provide invitees with a safe means of ingress and egress.

### XIX.

As a result of the incident previously described, TYLER RENWICK, sustained serious and painful injuries, and seeks recovery of the following enumerated damages:

| | | |
|---|---|---|
| a. | Past and future physical pain and suffering | $750,000.00 |
| b. | Past and future mental pain and suffering | $750,000.00 |
| c. | Permanent disability | $250,000.00 |
| d. | Loss of enjoyment of life | $250,000.00 |
| e. | Past and future medical expenses | $200,000.00 |
| f. | Past loss of earnings | $10,000.00 |
| g. | Future loss of earning capacity | $2,000,000.00 |
| TOTAL | | $4,210,000.00 |

### XX.

The accident in question was not caused by the fault or want of due care on the part of the Plaintiff, TYLER RENWICK

### XXI.

Plaintiff hereby requests trial by jury on each and every issue herein.

WHEREFORE, Plaintiff, TYLER RENWICK, prays for the following:

(1)    for judgment against Defendant, PINNACLE ENTERTAINMENT, INC. in compensation for the damages alleged in such amounts as the trier of fact may determine to be fair and reasonable under the circumstances;

(2)      for taxable costs and legal interest on all of the amounts prayed for above, from date of judicial demand until paid; and

(3)      for such further and other relief as justice and equity may warrant under the circumstance.

Respectfully Submitted:

MICHAEL J. MESTAYER, A PROFESSIONAL
    LAW CORPORATION
1100 Poydras Street
Suite 2785
New Orleans, LA 70163
Telephone: 504-522-7360
Facsimile: 504-522-7356


_____s/Michael J. Mestayer_____
MICHAEL J. MESTAYER (LA Bar No. 09461)
E-Mail: mmestayer@mestayerlegal.com

Attorneys for Plaintiff, TYLER RENWICK


OF COUNSEL:

Lewis S. Fleishman (TX Bar No. 07120520)
13850 Gulf Freeway
Suite 103
Houston, TX 77034
Telephone: 281-481-8310
Facsimile: 281-481-9596
E-Mail: Lewis@longshorelawyer.com

**PLEASE SERVE:**

**PINNACLE ENTERTAINMENT, INC.**

through its registered agent for service of process:

CT Corporation System
5615 Corporate Blvd.
Suite 508
Baton Rouge, LA 70808